**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER ROSSOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED BICYCLE COMPONENTS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Christopher Rossow ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Specialized Bicycle Components, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which is based on personal knowledge.

## NATURE OF THE ACTION

1. Specialized Bicycle Components, Inc., a California-based corporation which owns and operates an e-commerce bicycle shop, has nickel and dimed online purchasers of bicycles on its website in violation of various state consumer protection laws.

2. Whenever a consumer visits www.specialized.com (the "Website") and selects an item for purchase, they are not shown the total cost upfront. Instead, consumers are quoted an artificially low price, only for Defendant to sneak in a mandatory "Shipping & Handling" fee (the "Fee") regardless of whether the consumer selects the "Ship to Home" or "Pickup from Store" option. For e-bike purchases, Defendant additionally charges a $15.00 "Environmental Recycling Fee" (the "Recycling Fee") *after* consumers input all their shipping and credit card information. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

3. By analogy, if consumers were to walk into a brick-and-mortar bicycle shop, see a racing bicycle listed for $13,999.99, pull the tag and take it to the checkout counter, they would expect to pay $13,999.99 to the store, plus sales tax to the government. If at checkout they noticed in fine print on the credit card pad that they would *also* be charged an extra "Shipping & Handling" fee of $75.00, they would reasonably be outraged. And yet this is exactly what Defendant does every day through its online bicycle store.

4. This practice is known known as drip pricing. "Businesses engage in drip pricing by advertising products at artificially low headline price and then disclosing additional charges later in the buying process." *Harvey v. World Mkt., LLC*, No. 25-cv-01242-CRB, 2025 WL 1359066, at *1 (N.D. Cal. May 9, 2025). Drip pricing has long violated various state laws. "California banned bait and switch in consumer transactions when it passed the Consumers Legal Remedies Act (the

'CLRA') in 1970." *Mansfield v. StockX LLC*, 802 F. Supp. 3d 1143, 1148 (N.D. Cal. 2025) (citation omitted). "A common form of bait and switch is drip pricing." *Id*.

5. That said, in recent years, given the proliferation of drip pricing on online e-commerce platforms, various states, including California and Virginia, began passing laws specifically prohibiting drip pricing. In California for example, legislators expressed concerns that "Consumers [subject to drip pricing] are often misled and kept from properly assessing the best prices, thereby hindering the market, especially online." *Mansfield*, 802 F. Supp. 3d at 1148 (quoting California Senate Rules Committee Analysis (Sept. 11, 2023) (S.B. 478)). So effective July 1, 2024, California Civil Code § 1770(a)(29)(A) makes it unlawful to "[a]dvertis[e], display[], or offer[] a price for a good or service that does not include all mandatory fees or charges other than either" "[t]axes or fees imposed by a government on the transaction" or "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." A few months later, Virginia likewise introduced a bill which "[p]rohibits a supplier, in connection with a consumer transaction, from advertising or displaying a price for goods or services without clearly and conspicuously displaying the total price, which shall include all mandatory fees or surcharges." 2024 Virginia House Bill No. 2515 Virginia 2025 Regular Session. Effective July 1, 2025, Virginia Code § 59.1-608 makes it unlawful for suppliers in consumer transactions, to "advertise or display a price for goods or services without clearly and conspicuously displaying the total price, which shall include all mandatory fees or surcharges."

6. For these reasons, Plaintiff seeks relief in this action individually and on behalf of all other purchasers for reasonable attorneys' costs and fees and injunctive relief under California Civil Code §§ 1770(a)(29)(A), 1770(a)(9) and statutory damages under Virginia Code §§ 59.1-608, 59.1-200, and 59.1-204.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant is headquartered in this district, at 15130 Concord Circle, Morgan Hill, CA 95037.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

**PARTIES**

10. Plaintiff Christopher Rossow is an individual consumer who, at all times material hereto, was a citizen and resident of Herndon, Virginia.

11. Plaintiff Rossow purchased a Epic 8 Expert bike, size small, in Gloss Carbon/Pearl White on September 3, 2025 from www.specialized.com. He encountered a purchase flow substantially similar to the one depicted above. He was initially quoted a price of $3,575.00 for this item, but after clicking through various screens, and selecting the "Pick up in Store" option, Defendant charged him an additional "Shipping *& Handling Fee*" of $75.00 to the checkout screen. Defendant never provided a breakdown of how much of fee went to shipping as opposed to processing on either the checkout screen or subsequent email receipt. The bundled fee was mandatory because Plaintiff could not purchase the product from Defendant's website without paying the fee.

12. At the time Plaintiff Rossow purchased his product, he was not aware that Defendant's practices were unlawful under California or Virginia law. Plaintiff was not browsing websites in search of legal violations. Plaintiff was instead browsing because he sincerely intended to purchase products, and he in fact did purchase a product.

13. At the time Plaintiff Rossow purchased his products, he was not aware that Defendant's practices were unlawful under either California or Virginia law. Plaintiff was not browsing websites in search of legal violations. Plaintiff was instead browsing because he sincerely intended to purchase products, and he in fact did purchase a product.

14. Defendant Specialized Bicycle Components, Inc. ("Defendant") is a California corporation with its principal place of business in Morgan Hill, California. Defendant offers for purchase bikes and cycling gear throughout the United States, including in the state of California. Defendant owns and operates the universally accessible, interactive website www.specialized.com,

which accepts orders from all the United States and delivers products to all the states, including California, as part of its regular course of business.

## FACTUAL ALLEGATIONS

***California's Honest Pricing Law***

15. Effective July 1, 2024, California enacted California Civil Code § 1770(a)(29)(A), which provides that "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges other than either … [t]axes or fees imposed by a government on the transaction[]" and "[p]ostage or carriage charges that will be reasonably and actually incurred to ship the physical goods to the consumer[]" is unlawful.

16. According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges" or other incidental items bundled with shipping.[1] "Like any other mandatory fee or charge, a handling charge must be included in the advertised price."[2] To that end, the only non-governmental charge a business can impose at a later stage of the transaction is "Postage or carriage charges that will be reasonably and actually incurred to ship the physical good to the consumer." Cal. Civ. Code § 1770(a)(29)(A)(ii).

17. As Senator Bill Dodd, a co-author of SB 478, stated in describing this new law: "Californians are fed up with dishonest fees being tacked on to seemingly everything … It's an underhanded trick to boost corporate profits at the expense of those who can least afford it. Our bill will end these unfair practices and put the consumer first, leveling the playing field for reputable businesses that advertise the real price up front."[3]

18. And according to Attorney General of California Rob Bonta, "[w]e can and should stop the fleecing of consumers. We can and should stop the imbalance in the marketplace."[4]

---

[1] OFFICE OF THE ATTORNEY GENERAL, CAL. DEP'T OF JUSTICE, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

[2] *Id.*

[3] OFFICE OF THE ATTORNEY GENERAL, CALIFORNIA DEP'T OF JUSTICE, *Attorney General Bonta Calls for California Legislature to Ban Hidden Fees (AKA Junk Fees)* (May 16, 2023), https://oag.ca.gov/news/press-releases/attorney-general-bonta-calls-california-legislature-ban-hidden-fees-aka-junk (last visited Dec. 24, 2024).

[4] *Id.*

***Virginia's Mandatory Fee and Surcharge Disclosure Law***

19. In May 2, 2025, Virginia passed Senate Bills Nos. 1212 and 2515, which amended Virginia's Consumer Protection Act to add a new Chapter to the Act, entitled Mandatory Fees or Surcharges. Va. Code § 59.1-607 *et seq.* The amendment became effective on July 1, 2025.

20. The law provides that "No supplier shall, in connection with a consumer transaction, advertise or display a price for goods or services without clearly and conspicuously displaying the total price, which shall include all mandatory fees or surcharges." Va. Code § 59.1-608. The law defines "Mandatory fees or surcharges" to "includes any additional fee or surcharge that must be paid in order to purchase the good or service being advertised." Va. Code § 59.1-607. Excluded from this definition are "(i) taxes or fees imposed on the consumer by a government or government-approved entity or assessment fees of a government-created special district or program paid to the government or government-approved entity or (ii) reasonable postage or shipping fees." *Id*. "Supplier" is defined as "a means a seller… that advertises, solicits, or engages in consumer transactions." Va. Code Ann. §§ 59.1-607 and 59.1-198. "Consumer transaction," in turn, "means: (1) the advertisement, sale … or offering for sale… of goods or services to be used primarily for personal, family, or household purposes." *Id.*

***Specialized's Hidden Fee***

21. When a shopper navigates to Defendant's Website, they can browse for bikes and cycling gear. Each listing includes the advertised price of the item below the name of the item. For example, in the image below, the Turbo Vado SL 2 6.0 EQ Carbon is listed for $6,999.99—without any fees or surcharges. See Figure 1, next page.




***Figure 1***

22. If a shopper selects a particular item, like the Turbo Vado SL 2 6.0 EQ Carbon, the advertised price of $6,999.99 is again listed on the individual product page—without any fees or surcharges.




***Figure 2***

23. If a user scrolls down the right side of the page, they are given options to select the size of their bike and select whether they to "Ship to home," "Pickup/Ship to store," or "Find Nearby." For many items, including this bike, the "Pickup/Ship to store," is the only available option. It is at this point that Defendant discloses a "Shipping & Handling" fee. *See* Figure 3.




*Figure 3*

24. At this stage, it is unclear whether this $75.00 fee is included within the $6,999.99 price for the bicycle or added on top of that base price.

25. When the shopper adds the item to their cart, the price of $6,999.99 is again displayed—without any fees or surcharges.




*Figure 4*

26. It is not until a shopper views the cart page that all added mandatory fees are revealed. As shown in Figure 5 below, Defendant reveals that the $75.00 fee is added on top of the base price. Additionally, if the consumer purchased an electric bicycle, Defendant imposes a previously undisclosed "Environmental Recycling Fee" of $15.00.




*Figure 5*

27. These fees carry through to the checkout page. *See* Figure 6 below.




*Figure 6*

28. If a shopper clicks on the information icon next to the "Environmental Recycling Fee," a popup appears explaining that Defendant "collects the $15 Environmental Recycling Fee (ERF)" to support its e-bike battery recycling program. *See* Figure 7 below.




***Figure 7***

***Specialized's Hidden Fee on Non-E-Bike Purchases***

29. The same drip pricing scheme applies to non-e-bike purchases as well. When a shopper browses Defendant's road bikes, the advertised prices are shown without any fees. For example, the S-Works Aethos 2 is listed for $13,999.99.




***Figure 8***

30. If a shopper selects the S-Works Aethos 2, the advertised price of $13,999.99 is again displayed on the individual product page—without any fees.




*Figure 9*

31. Again, the right side of this page allows consumers to select which method they would like to receive the bike. However, regardless of whether the consumer selects the Ship to Home or Pickup options, Defendant will nevertheless charge a $75.00 fee.




*Figure 10*

32. Defendant also offers a third-option: "Find Nearby." However, for many bikes this is not an option and there are no nearby stores that stock a particular bike. And even if a store does stock a particular bike, the consumer cannot purchase it on the Website, and the Website makes no guarantees that the price will remain the same or whether it will increase, or whether additional fees will be levied at the store.




***Figure 11***

33. It is not until a shopper views the cart page that the "Pick up in store" fee of $75.00 is revealed to be added on top of the $13,999.99 list price.




***Figure 12***

***Defendants' Fees Applies Regardless of Delivery Method***

34. Defendant's "Delivery," and "Shipping & Handling," fees are mandatory because there is no a consumer can purchase a bike without paying one of those fees. *See* Va. Code Ann. § 59.1-607 ("'Mandatory fees or surcharges' includes any additional fee or surcharge that must be paid in order to purchase the good or service being advertised.").

35. What is more, neither of those fees is not a "[t]ax[] or other fee[] imposed by the government on the transaction." California Civil Code § 1770(a)(29)(A)(i); *accord* Va. Code Ann. § 59.1-607.

36. The Shipping & Handling fee is also not a "postage or carriage charge[] that will be reasonably and actually incurred to ship the physical goods *to the consumer*." California Civil Code § 1770(a)(29)(A)(ii) (emphasis added). This is because it is charged even though the bike is picked up at the store. This means the physical good is not being shipped "to the consumer," but *to the store*. A consumer still needs to get into a car, pick up the item, and take it back home. Nor is Defendant's shipping fee for in-store pick-ups "reasonable." California Civil Code § 1770(a)(29)(A)(ii); *accord* Va. Code Ann. § 59.1-607. After all, reasonable consumers that purchase items in stores almost never pay a shipping fee, even though virtually every item in the store's inventory was necessarily manufactured elsewhere and shipped to the store before being offered for sale.

37. The Handling portion of the "Shipping & Handling" fee is not a "postage or carriage charge[] that will be reasonably and actually incurred to ship the physical goods to the consumer." California Civil Code § 1770(a)(29)(A)(ii). According to the California Attorney General's Office, "[a] business can exclude shipping charges, but not handling charges" or other incidental items bundled with shipping.[5] "Like any other mandatory fee or charge, a handling charge must be included in the advertised price."[6] For this same reason, the Handling portion of the fee is not "reasonable."

---

[5] Office of the Attorney General, Cal. Dep't of Justice, *SB 478 Frequently Asked Questions*, https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%28B%29.pdf.

[6] *Id.*

38. The "Environmental Recycling Fee" is also a mandatory fee because consumers cannot purchase e-bikes without paying it. Va. Code Ann. § 59.1-607.

39. The "Environmental Recycling Fee" is not a"[t]ax[] or other fee[] imposed by the government on the transaction." California Civil Code § 1770(a)(29)(A)(i); *accord* Va. Code Ann. § 59.1-607. The fee is collected by Defendant—not by any governmental entity—to fund its own private e-bike battery recycling program. The fee popup itself states that "Specialized collects the $15 Environmental Recycling Fee (ERF)" confirming that it is a private, discretionary charge imposed by Defendant rather than a government-mandated fee.

40. The "Environmental Recycling Fee" is not a "postage or carriage charge." California Civil Code § 1770(a)(29)(A)(ii); *accord* Va. Code Ann. § 59.1-607.

## CLASS ALLEGATIONS

41. **Nationwide Class**: Plaintiff Rossow seeks to represent a class defined as all individuals in the United States who purchased items using Defendant's websites on or after February 19, 2023 and paid a "Shipping & Handling" fee and/or an "Environmental Recycling Fee" (the "Nationwide Class"). Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

42. **Nationwide Honest Pricing Law Subclass**: Plaintiff seeks to represent a subclass defined as all individuals in the United States who purchased items using Defendant's website on or after July 1, 2024 and paid a "Shipping & Handling" fee and/or an "Environmental Recycling Fee" (the "Nationwide Subclass"). Excluded from the Nationwide Honest Pricing Law Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

43. **Virginia Class:** Plaintiff Rossow seeks to represent a class defined as all individuals in Virginia who purchased items using Defendant's website on or after February 19, 2024 and paid a "Shipping & Handling" fee and/or an "Environmental Recycling Fee" (the "Virginia Class"). Excluded from the Virginia Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

44. **Virginia Mandatory Fee and Surcharge Disclosure Subclass:** Plaintiff seeks to represent a class defined as all individuals in Virginia who purchased items using Defendant's

website on or after July 1, 2025 and paid a "Shipping & Handling" fee and/or an "Environmental Recycling Fee" (the "Virginia Subclass"). Excluded from the Virginia Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

45. Members of the Classes are so numerous that their individual joinder herein is impracticable. Members of the Classes likely number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

46. Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to, whether Defendant failed to include all mandatory fees or charges when advertising, displaying, or offering a price for the items for purchase, in violation of California Civil Code § 1770(a)(29)(A), and whether Defendant advertised goods or services with intent not to sell them as advertised, in violation of California Civil Code § 1770(a)(9). The claims of the named Plaintiffs are typical of the claims of the Classes in that the named Plaintiffs and the Classes sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to include all mandatory fees or charges in the advertising, displaying, or offering a price for the items, throughout the online item purchase process.

47. Plaintiff Rossow is an adequate representative of the Classes because his interest do not conflict with the interests of the Classes and members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

48. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by

the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits off single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**California Civil Code § 1770(a)(29)(A)**
**(On Behalf of the Nationwide Subclass)**

49. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Subclass against Defendant.

51. Defendant owns, operates, or controls the Specialized Website, which is a place where consumers can purchase various items for personal and household use.

52. Defendant violated California Civil Code § 1770(a)(29)(A) by "[a]dvertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" on the product screens depicted in this complaint.

53. Defendant's "Shipping & Processing" fee is a "mandatory fee[] or charge[]" that must be paid in order to purchase the item. Cal. Civ. Code§ 1770(a)(29)(A).

54. Defendant's Environmental Recycling Fee is likewise a "mandatory fee[] or charge[]" that must be paid in order to purchase an e-bike from Defendant. Cal. Civ. Code § 1770(a)(29)(A).

55. Plaintiff and Subclass members were harmed because they paid Defendant's unlawful fees. Because the total cost was not disclosed to Plaintiff and Subclass members at the beginning of the purchase process, the resulting fees that were applied were unlawful pursuant to California Civil Code § 1770(a)(29)(A).

56. Plaintiff and Subclass Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost

before selecting a product for purchase from Defendant, Plaintiff and Subclass Members could not shop around for items at other retailers like Trek or Giant, to name a few. As such, Plaintiff and Subclass Members had no way of knowing whether they were getting the best deal that their money could buy. By hiding its fees, Defendant was able to reduce price competition and cause consumers like Plaintiff and Subclass members to overpay.

57. Plaintiff and Class members relied on Defendant's false and misleading representations of the advertised cost of its products in choosing to purchase its products.

58. On behalf of himself and members of the Nationwide and California Subclasses, Plaintiff seeks to enjoin the unlawful acts and practices described herein and reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

**COUNT II**
**California Civil Code § 1770(a)(9)**
**(On Behalf of the Nationwide and California Classes)**

59. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

60. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class against Defendant.

61. Defendant violated California Civil Code § 1770(a)(9) by "[a]dvertising goods … with intent not to sell them as advertised." Specifically, Defendant advertised and expressly represented the price of their products with intent not to sell them at the advertised price.

62. Plaintiff Class Members were harmed because they paid Defendant's unlawful fees. The fees were rendered unlawful by Defendant's failure to timely disclose it.

63. Plaintiff and Class Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Class Members could not shop around for items at other retailers like Trek or Giant, to name a few. As such, Plaintiff and Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its fees, Defendant was able to reduce price competition and cause consumers like Plaintiffs and Class members to overpay.

64. Plaintiff and Class members relied on Defendant's false and misleading representations of the advertised cost of its products in choosing to purchase its products.

65. As detailed in the body of this Complaint, Defendant has repeatedly engaged in conduct deemed a violation of the CLRA and has made representations regarding the price of the items on its Website which are false due to the uniform imposition of the Fee described herein. Indeed, Defendant concealed the true price of the items, and the true nature of the Fee it was charging on each purchase, from Plaintiffs and Class members.

66. No reasonable consumer would expect the price advertised by Defendant to include an unlawful Fee in addition to lawful sales tax and shipping costs. *See Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 845-46 (E.D. Cal. 2024) ("Plaintiffs have sufficiently alleged [Defendant] advertises one price for its products while also surreptitiously charging a higher price by adding the Service Fee. Thus, Plaintiffs have sufficiently alleged [Defendant] advertises their goods with the intent not to sell them as advertised.").

67. Defendant does not provide services that would lead reasonable consumers to expect the imposition of the fees, and Defendant does not disclose the fees anywhere before customers reach the cart and checkout screens depicted in Figures 4–5 and 9–10 of this complaint. Further, reasonable consumers would likewise not expect to be charged a separate "Shipping & Handling" fee if they selected the in-store pick-up option. After all, reasonable consumers that purchase items in stores almost never pay a similar fee, even though virtually every item in the store's inventory was necessarily manufactured elsewhere and shipped to the store before being offered for sale.

68. Defendant willfully employed a scheme designed to advertise a price that is not the true cost of its products, and did so willfully, wantonly, and with reckless disregard for the truth.

69. On behalf of himself and members of the Nationwide and California Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein and reasonable attorneys' fees. *See* Cal. Civ. Code § 1780.

**<u>COUNT III</u>**
**Virginia Code § 59.1-608**
**(On Behalf of the Virginia Subclass)**

70. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

71. Plaintiff brings this claim individually and on behalf of the members of the Virginia Subclass against Defendant.

72. Defendant violated Virginia Code § 59.1-608 by "advertis[ing] or display[ing] a price for goods or services without clearly and conspicuously displaying the total price, which shall include all mandatory fees or surcharges." Specifically, on various screens prior to the cart and checkout, Defendant advertised and displayed the price of their products without including its Shipping & Handling fee and, for e-bike purchases, its Environmental Recycling Fee—both of which were mandatory on all applicable transactions. What is more, for in-store pick up transactions, Defendant's Shipping & Handling fee was likewise a "mandatory fee[] or surcharge" as the term is defined under Virginia Code § 59.1-607. The fee Defendant levies on products to be picked up in its physical stores is not a "*reasonable* postage or shipping fee." *Id* (emphasis added). As noted, reasonable consumers that purchase items in stores almost never pay a shipping fee, even though virtually every item in the store's inventory was necessarily manufactured elsewhere and shipped to the store before being offered for sale.

73. Plaintiff and Virginia Subclass Members were harmed because they paid Defendant unlawful fees. The fees were rendered unlawful by Defendant's failure to timely disclose it.

74. Plaintiff and Virginia Subclass Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff Rossow and Virginia Subclass Members could not shop around for items at other retailers like Trek or Giant, just to name a few. As such, Plaintiff and Virginia Subclass Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its Processing Fee, Defendant was able to reduce price competition and cause consumers like Plaintiff and Virginia Subclass members

to overpay.

75. Because Defendant violated Virginia's Mandatory Fees or Surcharges Disclosures Act, it committed "a prohibited practice under the provisions of § 59.1-200 and shall be subject to any and all of the enforcement provisions of the Virginia Consumer Protection Act." Va. Code §59.1-610.

76. On behalf of himself and members of the Virginia Subclass, Plaintiff seeks to obtain statutory damages and reasonable attorneys' fees and costs. *See* Va. Code §59.1-204.

**COUNT IV**
**Virginia Code § 59.1-200**
**(On Behalf of the Virginia Class)**

77. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

78. Plaintiff brings this claim individually and on behalf of the members of the Virginia Class against Defendant.

79. Defendant violated Virginia Code § 59.1-200(8), which prohibits companies like Defendant from "Advertising goods or services… with intent not to sell at the price or upon the terms advertised." Here, Defendant advertised its products for purchase on a website with prices that excluded its "Shipping & Handling" fee and, for e-bike purchases, its "Environmental Recycling Fee," even though it knew perfectly well that regardless of whether they selected the Ship or Pickup option, they would charge them fees anyway.

80. Plaintiff and Virginia Class Members were harmed because they paid Defendant an unlawful Shipping & Processing fee. This fee was rendered unlawful by Defendant's failure to timely disclose it.

81. Plaintiff and Virginia Class Members were also harmed by not having the total cost of their products disclosed upfront at the start of the purchase process. By not knowing the total cost before selecting a product for purchase from Defendant, Plaintiff and Virginia Class Members could not shop around for items at other retailers like Trek or Giant, just to name a few. As such, Plaintiff and Virginia Class Members had no way of knowing whether they were getting the best deal their money could buy. By hiding its fees, Defendant was able to reduce price competition and

cause consumers like Plaintiff and Virginia Class members to overpay.

82. On behalf of himself and members of the Virginia Subclass, Plaintiff Rossow seeks to obtain statutory damages and reasonable attorneys' fees and costs. *See* Va. Code §59.1-204.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Classes, prays for judgement as follows:

A. For an order certifying the Classes and Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Classes and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Classes and Subclasses;

B. For an order declaring that Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff and the Classes and Subclasses on all counts asserted herein;

D. For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Corut may deem proper; and

H. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: February 19, 2026

**BURSOR & FISHER, P.A.**

By: /s/ *Stefan Bogdanovich*
Stefan Bogdanovich

Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorney for Plaintiff*